## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | **CRIMINAL COMPLAINT** |
| | : | |
| v. | : | Honorable Leda Dunn Wettre, |
| | : | U.S.M.J. |
| RODNEY S. WILLIAMS and | : | |
| SIOBHAN CASSANDRA | : | Mag. No. 21-13417 |
| CHANDLER | : | |
| | : | |

I, David L. Scanlon, being duly sworn, state the following is true and correct to the best of my knowledge and belief.

SEE ATTACHMENT A

I further state that I am a Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms and Explosives and that this complaint is based on the following facts:

SEE ATTACHMENT B

Continued on the attached page and made a part hereof.

*s/David L Scanlon*
_____
David L. Scanlon, Task Force Officer
Bureau of Alcohol, Tobacco, Firearms and Explosives

Task Force Officer David L. Scanlon attested to this Complaint by telephone pursuant to Federal Rule of Criminal Procedure 4.1(b)(2)(A) on December 13, 2021, in the District of New Jersey

HONORABLE LEDA DUNN WETTRE                    s/Honorable Leda D. Wettre
UNITED STATES MAGISTRATE JUDGE                 Signature of Judicial Officer

## ATTACHMENT A

## COUNT ONE
(Conspiracy to Commit Hobbs Act Robbery)

On or about November 14, 2021, in Hudson County, in the District of New Jersey, and elsewhere, the defendants,

**RODNEY S. WILLIAMS, and**
**SIOBHAN CASSANDRA CHANDLER,**

did knowingly and intentionally conspire and agree with each other and others, known and unknown, to knowingly and willfully obstruct, delay and affect commerce, and attempt to obstruct, delay, and affect commerce, and the movement of articles and commodities in such commerce, through the commission of a robbery, and did commit and threaten physical violence to any person or property in furtherance thereof.

In violation of Title 18, United States Code, Section 1951(a).

## COUNT TWO
(Conspiracy to Use and Carry a Firearm During and in Relation to a Crime of Violence)

On or about November 14, 2021, in Hudson County, in the District of New Jersey and elsewhere, the defendants,

**RODNEY S. WILLIAMS, and
SIOBHAN CASSANDRA CHANDLER,**

during and in relation to a crime of violence for which each may be prosecuted in a court of the United States, specifically, the robbery offenses charged in Counts Five, Seven, and Nine of this Criminal Complaint, did knowingly and intentionally conspire and agree with each other and others, both known and unknown, to use and carry a firearm, contrary to Title 18, United States Code, Section 924(c).

In violation of Title 18, United States Code, Section 924(o).

## **COUNT THREE**
(Hobbs Act Robbery)

On or about November 14, 2021, in Hudson County, in the District of New Jersey and elsewhere, the defendant,

### **RODNEY S. WILLIAMS,**

did knowingly and willfully obstruct, delay and affect commerce, and attempt to obstruct, delay, and affect commerce, and the movement of articles and commodities in such commerce, through the commission of a robbery, and did commit and threaten force, violence, and fear of injury to the person or property of another, namely, an employee of Store-1 in Jersey City, New Jersey, in furtherance thereof.

In violation of Title 18, United States Code, Section 1951(a).

## **COUNT FOUR**
(Using and Carrying a Firearm During and in Relation to a Crime of Violence)

On or about November 14, 2021, in Hudson County, in the District of New Jersey and elsewhere, the defendant,

**RODNEY S. WILLIAMS,**

during and in relation to a crime of violence for which the defendant may be prosecuted in a court of the United States, that is, the Hobbs Act Robbery, as charged in Count Three of this Complaint, did knowingly use and carry a firearm, namely, a SCCY CPX-3 .380 caliber handgun, bearing serial number A012375, which firearm was brandished.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(ii)

**COUNT FIVE**
(Hobbs Act Robbery)

On or about November 14, 2021, in Hudson County, in the District of New Jersey and elsewhere, the defendants,

**RODNEY S. WILLIAMS, and**
**SIOBHAN CASSANDRA CHANDLER,**

did knowingly and willfully obstruct, delay and affect commerce, and attempt to obstruct, delay, and affect commerce, and the movement of articles and commodities in such commerce, through the commission of a robbery, and did commit and threaten force, violence, and fear of injury to the person or property of another, namely, an employee of Gas Station-1 in Jersey City, New Jersey, in furtherance thereof, and did aid and abet the same.

In violation of Title 18, United States Code, Section 1951(a) and Section 2.

## COUNT SIX

(Using and Carrying a Firearm During and in Relation to a Crime of Violence)

On or about November 14, 2021, in Hudson County, in the District of New Jersey and elsewhere, the defendants,

**RODNEY S. WILLIAMS, and**
**SIOBHAN CASSANDRA CHANDLER,**

during and in relation to a crime of violence for which the defendants may be prosecuted in a court of the United States, that is, the Hobbs Act Robbery, as charged in Count Five of this Complaint, did knowingly use and carry a firearm, namely, a SCCY CPX-3 .380 caliber handgun, bearing serial number A012375, which firearm was discharged, and did aid and abet the same.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(iii) and Section 2.

## COUNT SEVEN
(Hobbs Act Robbery)

On or about November 14, 2021, in Hudson County, in the District of New Jersey and elsewhere, the defendants,

**RODNEY S. WILLIAMS, and
SIOBHAN CASSANDRA CHANDLER,**

did knowingly and willfully obstruct, delay and affect commerce, and attempt to obstruct, delay, and affect commerce, and the movement of articles and commodities in such commerce, through the commission of a robbery, and did commit and threaten force, violence, and fear of injury to the person or property of another, namely, an employee of Store-2 in Jersey City, New Jersey, in furtherance thereof, and did aid and abet the same.

In violation of Title 18, United States Code, Section 1951(a) and Section 2.

## **COUNT EIGHT**
(Using and Carrying a Firearm During and in Relation to a Crime of Violence)

On or about November 14, 2021, in Hudson County, in the District of New Jersey and elsewhere, the defendants,

**RODNEY S. WILLIAMS, and**
**SIOBHAN CASSANDRA CHANDLER,**

during and in relation to a crime of violence for which the defendants may be prosecuted in a court of the United States, that is, the Hobbs Act Robbery, as charged in Count Seven of this Complaint, did knowingly use and carry a firearm, namely, a SCCY CPX-3 .380 caliber handgun, bearing serial number A012375, which firearm was discharged, and did aid and abet the same.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(ii) and Section 2.

## **COUNT NINE**
(Hobbs Act Robbery)

On or about November 14, 2021, in Hudson County, in the District of New Jersey and elsewhere, the defendants,

**RODNEY S. WILLIAMS, and**
**SIOBHAN CASSANDRA CHANDLER,**

did knowingly and willfully obstruct, delay and affect commerce, and attempt to obstruct, delay, and affect commerce, and the movement of articles and commodities in such commerce, through the commission of a robbery, and did commit and threaten force, violence, and fear of injury to the person or property of another, namely, an employee of Restaurant-1 in Jersey City, New Jersey, in furtherance thereof, and did aid and abet the same.

In violation of Title 18, United States Code, Section 1951(a) and Section 2.

## COUNT TEN

(Using and Carrying a Firearm During and in Relation to a Crime of Violence)

On or about November 14, 2021, in Hudson County, in the District of New Jersey and elsewhere, the defendants,

**RODNEY S. WILLIAMS, and**
**SIOBHAN CASSANDRA CHANDLER,**

during and in relation to a crime of violence for which the defendants may be prosecuted in a court of the United States, that is, the Hobbs Act Robbery, as charged in Count Nine of this Complaint, did knowingly use and carry a firearm, namely, a SCCY CPX-3 .380 caliber handgun, bearing serial number A012375, which firearm was brandished, and did aid and abet the same.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(iii) and Section 2.

## COUNT ELEVEN

(Possession of a Firearm and Ammunition by a Convicted Felon)

On or about November 14, 2021, in Hudson County, in the District of New Jersey and elsewhere, the defendant,

**RODNEY S. WILLIAMS,**

knowing that he had previously been convicted in a court of at least one crime punishable by a term of imprisonment exceeding one year, did knowingly possess in and affecting commerce a firearm, namely, a SCCY CPX-3 .380 caliber handgun, bearing serial number A012375, loaded with one round of ammunition.

In violation of Title 18, United States Code, Section 922(g)(1).

## ATTACHMENT B

I, David L. Scanlon, am a Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). I am fully familiar with the facts set forth herein based on my own investigation, my conversations with witnesses and other law enforcement officers, and my review of reports, documents, and items of evidence. Where statements of others are related herein, they are related in substance and in part. Because this complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1.      On or about the evening of November 14, 2021, the Jersey City Police Department ("JCPD") responded to four commercial robberies (the "robberies") that occurred within a span of approximately 70 minutes. All four of the commercial businesses that were targeted in the robberies were involved in interstate commerce. To date, the investigation has revealed that Rodney S. Williams ("WILLIAMS") committed all of robberies, and Siobhan Cassandra Chandler ("CHANDLER") participated in at least three of the robberies.

2.      On or about November 14, 2021, at approximately 8:10 p.m., WILLIAMS entered Store-1, which was located on or around Danforth Avenue in Jersey City. Upon entering Store-1, WILLIAMS was unmasked and wearing a gray sweatsuit that included a hooded New York Yankees sweatshirt with blue lettering spelling out "New York" on the hood, and team logos on the chest and sleeves (the "Yankee Sweatshirt"). Shortly after exiting and re-entering Store-1, WILLIAMS approached Store-1's clerk and placed what was later determined to be a silver and black SCCY CPX-3 .380 caliber handgun, bearing serial number A012375 (the "FIREARM") on the clerk's chest and threatened to kill the clerk if he/she failed to give WILLIAMS all of Store-1's money. Surveillance video from Store-1 captured WILLIAMS repeatedly pointing the FIREARM at the clerk while directing the clerk to give him all of Store-1's money. The clerk gave WILLIAMS approximately $400 before WILLIAMS fled the area on foot.

3.      At approximately 8:47 p.m., WILLIAMS and CHANDLER (collectively, the "Defendants"), were captured on surveillance video[1] crossing an intersection together on foot and entering Gas Station-1, which was located on or around Garfield Avenue in Jersey City. CHANDLER entered Gas Station-1 first as WILLIAMS followed a few feet behind. CHANDLER approached Gas Station-1's attendant booth (the "booth") and asked the attendants for tobacco rolling paper. Surveillance video[2] captured CHANDLER unsuccessfully

[1]     CHANDLER was captured on video wearing a black hooded sweatshirt and blue jeans and WILLIAMS was wearing the same clothing from the robbery of Store-1.

attempting to enter the booth as WILLIAMS stood a few feet behind her. After failing to enter the booth, the Defendants remained in the area together.

4.      Moments later, a Gas Station-1 attendant exited the booth to service a customer and a second attendant also exited from the booth.  Upon observing the second attendant, WILLIAMS quickly pointed the FIREARM at him/her and demanded money.  When the attendant failed to comply, WILLIAMS immediately shot the attendant in the chest. After shooting the attendant, WILLIAMS stated, "do you think I am f—king playing with you? Give me the money!" During the shooting, CHANDLER remained in the area and looked on as WILLIAMS approached the other attendant. WILLIAMS pointed the FIREARM at the other attendant and threatened to shoot as the attendant escaped to the booth and locked the door.  WILLIAMS followed the attendant and tried to force his way inside the booth by banging the butt of the FIREARM on the booth's door.  During this time, CHANDLER waited for WILLIAMS near the entrance of Gas Station-1 before WILLIAMS ran in her direction. The Defendants fled the scene together on foot.

5.      Within minutes of the Gas Station-1 shooting, the Defendants drove together in a black Dodge Dart (the "Dodge") to the parking lot of Restaurant-1, which was located on Communipaw Avenue in Jersey City. Video surveillance from the parking lot revealed that the Defendants remained in the Dodge for several minutes before WILLIAMS exited from the driver's seat and CHANDLER emerged from the front passenger seat. The Defendants walked across the street and entered Store-2.

6.      Upon entering Store-2 at approximately 9:00 p.m., CHANDLER slowly walked down an aisle as WILLIAMS approached the store's clerk.  After looking in CHANDLER's direction, WILLIAMS pointed the FIREARM at the clerk and demanded the store's money. WILLIAMS told the clerk, in sum and substance, that the FIREARM was loaded.  As WILLIAMS held the clerk at gunpoint, CHANDLER emerged from the aisle and stood near WILLIAMS as Store-2's clerk gave WILLIAMS approximately $70 from the cash register. The Defendants exited Store-2 and were captured on video walking back toward the Dodge in Restaurant-1's parking lot.

7.      As WILLIAMS approached the Dodge's driver's-seat door, he peered into Restaurant-1 and immediately walked to the front entrance of the restaurant and turned around to look at CHANDLER as she was attempting to re-enter the passenger side of the Dodge. Upon seeing WILLIAMS waiting at the entrance of Restaurant-1, CHANDLER walked to join WILLIAMS, and the Defendants entered Restaurant-1 together.

8.      When the Defendants entered Restaurant-1 at approximately 9:10 p.m., WILLIAMS immediately approached the clerk at the register as CHANDLER remained by the doorway.  WILLIAMS pointed the FIREARM at the clerk's chest

and demanded money. The clerk, believing WILLIAMS' demand was not serious, failed to immediately respond to the order. WILLIAMS then attempted to shoot the clerk, but the FIREARM misfired. WILLIAMS then re-cocked the FIREARM and shot the clerk in the chest. WILLIAMS then forcibly entered the restaurant's kitchen area and demanded money from the employees. During this time, CHANDLER remained at the doorway and ordered one employee out of the restaurant and barred a patron from entering. As WILLIAMS forced the wounded clerk to relinquish approximately $700, CHANDLER yelled, "Let's go! Let's go!" The Defendants re-entered the Dodge and fled the scene.

9.　　At approximately 9:20 p.m., JCPD officers observed the Defendants in the Dodge a few blocks away from Restaurant-1 in the area of Astor Place and Summit Avenue. Upon observing law enforcement, WILLIAMS drove the Dodge into oncoming traffic before striking a police vehicle and rendering the Dodge inoperable. The Defendants were immediately apprehended. JCPD officers immediately observed that the Defendants' clothing matched surveillance footage from the robberies. A subsequent lawful search of the Dodge produced, among other items, the FIREARM, which was loaded with one ball point round (the "AMMUNITION"), and suspected proceeds from the robberies.

10.　　Prior to being possessed on November 14, 2021, the FIREARM and AMMUNITION were manufactured outside of the State of New Jersey, and thus moved in and affected interstate commerce.

11.　　Prior to knowingly possessing the FIREARM and the AMMUNITION, Williams knew he was a convicted felon as he had served a five-year prison term following his conviction on May 13, 2011 in the Superior Court of New Jersey, Hudson County, for attempted robbery, contrary to N.J.S.A. 2C:15-1, in violation of N.J.S.A. 2C:5-1.